CONTINENTAL & COMMERCIAL TRUST & SAVINGS BANK et al. v. NORTH PLATTE VALLEY IRR. CO. et al.*

(Circuit Court of Appeals, Eighth Circuit. November 4, 1916.)

No. 4647.

1. CORPORATIONS ☞482(8)—MORTGAGES—FORECLOSURE—PRIORITIES.

On a former appeal in a proceeding to foreclose mortgages on an irrigation system, where there was a conflict between bondholders and those asserting mechanics' liens the Circuit Court of Appeals directed a hearing to determine the value of the property subject to the lien of the mortgage and liens of materialmen, and that at the hearing the value of the property of which the several mechanics' lienholders had priority should be ascertained, as well as the total value of all remaining property subject to the mortgage, and that the proceeds should be divided among the bondholders and the mechanics' lien claimants in the same proportion as the value of the property upon which the lien claimants had priority considered as part of the whole system should bear to the total value of the mortgaged property diminished by the value of the property subject to the superior lien. Held, that it was improper for the court to ascertain the value of the two projects, and order distribution of the proceeds in such proportion as the value of that project on which mechanics' lien claimants had priority bore to the value of the other project or portion of the property not subject to such liens, but the value of the structures on which mechanics, etc., had liens should be computed, and the proceeds should be distributed in such proportion as that value should bear to the value of the remaining property.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. ☞482(8).]

2. APPEAL AND ERROR ☞1097(1)—REVIEW—LAW OF CASE.

A decision of an appellate court on a former appeal is the law of the case, but the court may determine that its mandate was misinterpreted below.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4358, 4359, 4363, 4427; Dec. Dig. ☞1097(1).]

Appeal from the District Court of the United States for the District of Wyoming; John A. Riner, Judge.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied January 10, 1917.

Bill by the Continental & Commercial Trust & Savings Bank, as trustee, and others, against the North Platte Valley Irrigation Company and others. From the decree adjudging priorities in the property, complainants appeal. Reversed and remanded.

Eldon Bisbee, of New York City (Charles L. Powell and Levy Mayer, both of Chicago, Ill., and William C. Kinkead, of Cheyenne, Wyo., on the brief), for appellants.

Ernest Morris, of Denver, Colo. (Wm. W. Grant, Jr., of Denver, Colo., on the brief), for appellees.

Before CARLAND, Circuit Judge, and TRIEBER and VAN VAL-KENBURGH, District Judges.

CARLAND, Circuit Judge. This case was before us at a former term —219 Fed. 438, 135 C. C. A. 150—and a reference to the opinion on that appeal is made for a more particular statement of the case. Then, as now, the contest was, and is, between certain mechanics' lien claimants and bondholders secured by a first mortgage. On the former appeal this court, after establishing certain liens for labor and material furnished, modified the decree of the lower court, and in its mandate directed that a hearing be had to determine the value of the property subject to the lien of the mortgage and the liens of the materialmen. It was directed:

"That at this hearing the value of the property on which the several mechanic's lien holders have a priority, should be ascertained as well as the total value of all the remaining property subject to the mortgage. * * * And the proceeds of the sale, after paying the necessary costs and expenses of administering the receivership and other prior charges, should be divided among the bondholders and the mechanic's lien claimants in the same proportion as the value of the property upon which the lien claimants have a superior lien considered as a part of the whole system bears to the total value of the mortgaged property, diminished by the value of the property subject to the superior lien."

[1, 2] The court on the former appeal desired on the one hand to avoid compelling the mechanic's lien claimants to sell and remove the structures on which they had a superior lien as permitted by the law of Wyoming (R. S. 1887, §§ 1519, 1523; R. S. 1899, § 2891), as it appeared that this would give the lien claimants the mere wrecking value of the structures, and on the other hand the court wished to avoid compelling the bondholders to pay the amount of the mechanics' liens in full when they, the bondholders, had already lost about 85 per cent. of their investment. By our former decision and under the laws of Wyoming the mechanics' liens were only superior to the lien of the mortgage as to the structures for the building of which the liens were claimed. While by our former decision we extended the mechanics' liens to the hydro-electric system, pursuant to what we thought was the law of Wyoming, we did not decide that the liens of the mechanics were superior to the mortgage lien upon that system. In this respect we intended to, and did, follow the law of Wyoming, which granted priority simply upon the structures for the building of which the liens were claimed, leaving the lien of the mortgage superior to that of the materialmen upon the real estate belonging to the hydro-electric sys-

tem. As the mortgaged property will come far short of paying the mortgage debt the mechanics' lien claimants could recover nothing if it was not for the priority of their lien on the buildings; therefore it is the value of the same that is material in proportioning the proceeds arising from a sale of the mortgaged property. For the same reason the extension of the lien to the whole system practically results in no benefit to the mechanics' lien holders.

The court below had a hearing as ordered by the mandate of this court. It made no specific finding of facts, but found in its decree generally that the hydro-electric system mentioned and described in the bill of complaint, taking into consideration the uses to which it was plainly adapted and its availability for valuable uses, to be $100,-000. It found that the gravity system mentioned and described in the bill of complaint was $190,669, making a total for the entire mortgaged property of $290,669. It further decreed that the mortgaged property should be sold as an entirety and the proceeds divided in the proportion found by this decree to be the value of the hydro-electric system and the gravity system separately. Manifestly this was not carrying out the mandate of this court. By extending the mechanic's liens over the hydro-electric system, so called, there was no intention of deciding, nor is our opinion subject to the interpretation that we decided, that the mechanics' liens were superior to the lien of the mortgage upon that system. Neither is the decree of the court as to the division of the proceeds of sale in accordance with the mandate of this court. To add together the value of the gravity system and the value of the hydro-electric system, and then divide the proceeds of sale in the proportion which the value of the hydro-electric system bears to the total value of the mortgaged property, is erroneous, as will plainly appear by what has been heretofore said.

The decree appealed from must be reversed, and the case remanded, with instructions to the trial court to refer the case to a master, with instructions to find the value of each structure upon which a mechanic's lien is claimed separately, taking into consideration the uses to which each structure is plainly adapted and its availability for valuable uses; also, to find the value of the hydro-electric system without the improvements. The value of the system without the structures should be added to the value of the gravity system, and the proceeds of the sale on foreclosure should be divided in the same proportion as the total value of the structures upon which the mechanics' liens are claimed bears to the total value of the mortgaged property exclusive of the value of the structures. We recognize the rule that our former opinion is the law of the case so far as the questions there decided are concerned, but we now decide that our mandate was misinterpreted. We may properly say further that we do not regard the mere manner in which a decree shall be executed as being within the rule above referred to.

Reversed and remanded.